144 ENTERPRISES  LLC,
220 Broadway
Jersey City, NJ 07306

       Plaintiff,

  v.

BANK FIRST, N.A.,
402 N. 8th Street
Manitowoc, WI 54220

        Defendant.

Case No.: 25-cv-1520

CIVIL ACTION

## PLAINTIFF'S COMPLAINT

Plaintiff, 144 Enterprises LLC ("144 Enterprises"), by its undersigned attorneys, Mawicke & Goisman, S.C., for their Complaint against Defendant, Bank First, N.A. ("Bank First"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for money damages to enforce the terms of two negotiable instruments, specifically two (2) official bank checks issued by Defendant Bank First, pursuant to applicable provisions of the Uniform Commercial Code, including Section 3-411. Specifically, Defendant Bank First as the issuer of the official bank checks subsequently placed as "stop payment" directive on the instruments in violation of Uniform Commercial Code Section 3-411 and thus is liable to Plaintiff, a holder in due course, for the full amount of the instruments.

## PARTIES

2.   Plaintiff 144 Enterprises LLC d/b/a City Check Cashing, is licensed by the New Jersey State Department of Banking and Insurance as check casher (License No.: 9824489-C08).  Plaintiff 144 Enterprises LLC is a New Jersey limited liability company maintaining a check cashing business establishment at 220 Broadway, Jersey City, New Jersey 07306.

3.   Defendant Bank First, N.A. ("Bank First") is, upon information and belief, a Wisconsin-based national bank maintaining corporate headquarters at 402 N. 8th Street, Manitowoc, Wisconsin 54220.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.  Diversity of citizenship exists because Plaintiff is a citizen of New Jersey and Defendant is a citizen of Wisconsin.

5.   Personal jurisdiction over Defendant is proper. Defendant is headquartered in the State of Wisconsin and a substantial part of the events giving rise to this action occurred in this Judicial District.

6.   Pursuant to 28 U.S.C. § 1391, venue properly lies in this Judicial District because Defendant, Bank First, is headquartered in this Judicial District and a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      144 Enterprises LLC is duly licensed by the New Jersey Department of Banking and Insurance, pursuant to N.J.S.A. 17:15A-30, *et seq.* to provide check cashing and other financial services.

8.      Defendant, Bank First, is a Wisconsin-based national bank.

9.      On August 8, 2025, Bank First issued to its customer, David Olson ("Olson"), two official bank checks as follows: check No. 712674 in the amount of $100,000.00 and check No. 712675 in the amount of $173,000.00, each payable to "Commercial Roofing" (hereinafter the "Official Bank Checks").

10.      True and accurate copies of the Official Bank Checks, with account numbers redacted, are attached hereto at **Exhibits** "**A**" and "**B**".

11.      At all relevant times Plaintiff was advised that Commercial Roofing was a sole proprietorship of an individual identified as Alex Bell ("Bell"), residing at 271 Stony Brook Road, Lake Grove, New York 11755, who was a known customer of Plaintiff.

12.      On August 14, 2025, Bell, doing business as payee Commercial Roofing, came to Plaintiff's licensed check cashing office and presented for cashing the Official Bank Checks.

13.      Bell was a well-known customer of Plaintiff having cashed over two hundred (200) prior checks at Plaintiff's establishment without incident.

14.      All prior checks cashed by Bell at Plaintiff's establishment were received by Bell in connection with his work as a roofing contractor.

15. None of the prior checks cashed by Bell at Plaintiff's establishment were the subject of stop-payment orders or allegations of wrongdoing.

16. At the time that Bell presented the Official Bank Checks at Plaintiff's establishment, the manager of Plaintiff placed a telephone call to Bank First at telephone number 920-652-3100 to verify that the Official Bank Checks were valid and payable as written and that Bank First would honor and pay them.

17. At that time, Plaintiff's manager spoke with a Bank First representative identified as "Michelle" and received verbal confirmation from such representative that the Official Bank Checks were payable and that no stop-payment order or other restrictions had been placed on the instruments.

18. Immediately following, and in reliance on the verifying information received from First Bank's representative, and based on Bell's prior check cashing history with Plaintiff, and after witnessing Bell's endorsement of the instruments, Plaintiff cashed the Official Bank Checks and tendered to Bell $273,000.00 minus a check cashing fee as permissible under New Jersey law.

19. At that time, a record of the transaction was made via Plaintiff's point-of-sale computer system, including a digital photograph of Bell recorded at the time of the transaction.

20. Plaintiff would not have accepted the Official Bank Checks from Bell or paid $273,000.00 minus the check cashing fee in exchange for the Official Bank Checks but for Bank First confirming via telephone that Bank First would honor the Official Bank

Checks as payable and that no stop-payment or other restrictions had been placed on the instruments.

21.     At the time Bank First confirmed that it would honor the Official Bank Checks as payable and that no stop-payment or other restrictions had been placed on the instruments, Bank First knew or reasonably should have known that 144 Enterprises would reasonably rely upon Bank First's representation that it would pay 144 Enterprises on the Official Bank Checks upon presentment.

22.     At the time Bank First confirmed that it would honor the Official Bank Checks as payable and that no stop-payment or other restrictions had been placed on the instruments, Bank First knew or reasonably should have known that Plaintiff would pay Bell $273,000.00 minus a check cashing fee in exchange for the Official Bank Checks in reliance on Bank First's representation that it would pay Plaintiff on the Official Bank Checks upon presentment.

23.     Following Plaintiff's deposit of the checks, payment on the Official Bank Checks was denied by Bank First due to a stop payment instruction by or at the behest of the remitter, David Olson, and/or Bank First.

24.     By letter dated August 20, 2025, Plaintiff provided notice to Defendant Bank First regarding Plaintiff's demand for payment on the Official Bank Checks ("Notice"), a true and accurate copy of which is attached hereto with its transmittal email as **Exhibit "C"**.

25.     Notwithstanding such Notice, Bank First has refused to make payment on the Official Bank Checks.

26.     Despite being explicitly reminded in the Notice of its obligation to honor the Official Bank Checks under Uniform Commercial Code section 3-411 because Plaintiff is a holder in due course for value in good faith without notice, Bank First submitted a response to the Notice refusing to honor its Official Bank Checks.

27.     Bank First is clearly responsible to Plaintiff for the full amount of the checks under applicable provisions on the Uniform Commercial Code.

28.     Plaintiff is clearly a holder in due course in accordance with Wis. Stat. § 403.302, having taken the Official Bank Checks for value, in good faith, and without notice of any prior restrictions or the subsequent stop-payment orders.

29.     Plaintiff is advised that Bank First has refused payment on the Official Bank Checks as an accommodation to the remitter of the checks, Olson, based on Olson's allegation that he was caused to request the checks in connection with a fraudulent scheme.

30.     As set forth in relevant part in an August 26, 2025, email from Bank First's employee to Plaintiff's counsel, Bank First admitted that "[s]top payments were placed on the official checks because our [the Bank's] customer was the victim of a scam. He met a woman named Sandra Robinson on a dating website. Ms. Robinson talked Mr. Olson into an 'investment opportunity,' the result of which was Mr. Olson being defrauded out of $273,000. Once Bank First's Fraud Department became aware of the scam, stop payments were made on the checks." A true and correct copy of Bank First's response to the Notice ("Response") is attached hereto as **Exhibit** "**D**".

31.     Bank First is improperly and wrongfully asserting a defense (the customer's fraud claim) that Bank First itself does not hold, as Plaintiff is a holder in due course who verified the checks with Bank First before paying its customer, Bell, $273,000.00 minus a check cashing fee in exchange for the checks.

32.     Bank First's admission in its Response that its belated post-confirmation refusal to honor the Official Bank Checks is premised on alleged fraud against *Olson* (rather than any fraud against *the bank*) confirms that no fraud has been perpetrated against Bank First itself.

33.     Olson himself requested issuance of the Official Bank Checks; no impostor presented himself to Bank First pretending to be Olson.

34.     Olson properly requested issuance of the Official Bank Checks, and Bank First accommodated Olson by issuing the Official Bank Checks pursuant to Olson's request.

35.     Olson paid Bank First for the issuance of the Official Bank Checks through payments from Olson and/or debits from Olson's account(s) and corresponding credits to Bank First's account(s).

36.     Bank First actually received payment in good funds for the amount of the Official Bank Checks from Olson.

37.     Upon information and belief, as a matter of standard operating procedures, and in accordance with widely accepted banking practice, Bank First does not issue official bank checks to be drawn on its own account(s) until it has already received payment from the remitter, either in transfers from or debits to the remitter's account

with a corresponding credit to Bank First's account(s) or in supplemental payment from or on behalf of the remitter in some other form.

38.     Olson did not pay Bank First for the Official Bank Checks with a worthless instrument(s), counterfeit cash, or accounts with insufficient funds.

39.     Olson requested issuance of Official Bank Checks in the total amount of $273,000.00 and paid or transferred to Bank First at least $273,000.00 in good funds actually received by Bank First in exchange for the Official Bank Checks.

40.     Upon information and belief, Bank First still holds the good funds it requested and received from Olson in exchange for the Official Bank Checks.

41.     By the actions alleged, Bank First has wrongfully refused payment on the Official Bank Checks, which it issued.

42.     Bank First is liable to 144 Enterprises LLC as a matter of law under applicable provisions of the Uniform Commercial Code, as well as statutory and common law, for the full amount of the Official Bank Checks totaling $273,000.00, plus consequential damages, expenses and costs of suit.

## FIRST CLAIM FOR RELIEF

### (Claim Pursuant to Wis. Stat. § 403.411 – Negotiable Instruments)

43.     Plaintiff realleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

44.     At the time the Official Bank Checks were presented to Plaintiff 144 Enterprises LLC, they did not bear apparent evidence of forgery or alteration and were not otherwise so irregular or incomplete as to call into question their authenticity.

45. The time the Official Bank Checks were presented, Plaintiff took appropriate and reasonable steps to contact Defendant as the issuing bank, at which time Defendant's representative confirmed to Plaintiff that the Official Bank Checks were payable and that no stop-payment order or other restrictions had been placed on the instruments.

46. Plaintiff 144 Enterprises LLC is a holder in due course under applicable provisions of the Wisconsin Uniform Commercial Code, Wis. Stat. § 403-302, *et seq.*

47. Plaintiff, 144 Enterprises LLC, took the Official Bank Checks:

    a. for value ($273,000.00 minus the check cashing fee);

    b. in good faith;

    c. without notice that the Official Bank Checks were overdue or had been dishonored or that there was an uncured default with respect to payment of another instrument issued as part of the same series;

    d. without notice that the instruments had been forged, contained an unauthorized signature, or had been altered (Bank first appears to concede that the Official Bank Checks are authentic, not forged, contain only authorized signatures, and were not altered);

    e. without notice of any claim to the instrument described in Wis. Stat. § 403.306; and

    f. without notice that any party has a defense or claim in recoupment described in Wis. Stat. § 403.305 (1).

48. As a holder in due course of the Official Bank Checks, Plaintiff is due payment from Defendant in the full amount of the Official Bank Checks.

49. Under applicable provisions of the Uniform Commercial Code, Defendant Bank First's stop payment order does not discharge its obligation to make payment on the Official Bank Check with respect to 144 Enterprises LLC, which is a holder in due course.

50. Bank First's issuance of the Official Bank Checks was not the result of fraud by Olson on First Bank.

51. Olson requested issuance of the Official Bank Checks by Bank First.

52. Olson paid and Bank First received good funds in the amount of the Official Bank Checks.

53. Bank First holds no defense to paying the Official Bank Checks.

54. Absent fraud on the issuing bank itself, stopping payment on an official bank check is not permitted.

55. Section 403.411 of the Wisconsin Uniform Commercial Code clearly imposes damages against a bank that improperly stops payment on and refuses to honor a cashier's, teller's, or certified check.

56. Plaintiff put Bank First on notice that it was about to pay $273,000.00 minus a check cashing fee on the Official Bank Checks if Bank First confirmed the Official Bank Checks were payable and not subject to any stop-payment order or other restrictions.

57. Bank First confirmed the Official Bank Checks were payable and not subject to any stop-payment order or other restrictions.

58. In reliance on Bank First's representations and the controlling provisions of the Uniform Commercial Code, Plaintiff immediately paid $273,000.00 minus a check cashing fee in exchange for the Official Bank Checks.

59. Wisconsin Uniform Commercial Code § 403.411(b) provides in relevant part as follows:

> If the obligated bank wrongfully refuses to pay a cashier's check or certified check, wrongfully stops payment of a teller's check or wrongfully refuses to pay a dishonored teller's check, the person asserting the right to enforce the check is entitled to compensation for expenses and loss of interest resulting from the nonpayment and may recover consequential damages if the obligated bank refuses to pay after receiving notice of particular circumstances giving rise to the damages.

60. By the actions alleged, Bank First has wrongfully refused payment on the Official Bank Checks, which it issued, and therefore defendant Bank First is liable to 144 Enterprises LLC as a matter of law under applicable provisions of the Uniform Commercial Code for the full amount of the Official Bank Checks totaling $273,000.00, plus consequential damages, expenses, attorneys fees and costs of suit.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a) Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b) all available damages;

(c) pre- and post-judgment interest;

(d) costs of suit; and

(e)     such other and further relief as the Court deems equitable and just.

## SECOND CLAIM FOR RELIEF

### (Claim Pursuant to Wis. Stat. § 403.420 – Conversion of Instrument)

61.     Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

62.     Under Wisconsin Uniform Commercial Code § 403.420, a bank that wrongfully refuses to honor or otherwise converts an instrument to its own use is liable for conversion to the person entitled to enforce the instrument.

63.     Defendant Bank First's refusal to pay and stopping payment on its own Official Bank Checks constitutes conversion of the instruments and their proceeds to the detriment of Plaintiff, who as a holder in due course is the person entitled to enforce the instruments.

64.     By the actions alleged, Bank First has converted and wrongfully refused payment on the Official Bank Checks, which it issued, and therefore defendant Bank First is liable to 144 Enterprises LLC as a matter of law under applicable provisions of the Wisconsin Uniform Commercial Code for the full amount of the Official Bank Checks totaling $273,000.00, plus consequential damages, expenses, attorneys fees and costs of suit.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)     Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)     all available damages;

(c)     pre- and post-judgment interest;

(d)     costs of suit; and

(e)     such other and further relief as the Court deems equitable and just.

## THIRD COUNT FOR RELIEF

### (Civil Theft)

65.     Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

66.     In failing and refusing to pay Plaintiff the amount of the Official Bank Checks upon demand and presentment, Bank First has intentionally taken, used, transferred, concealed, or retained possession of movable property belonging to Plaintiff and to which Plaintiff is entitled ($273,000.00) without Plaintiff's consent and with the intent to deprive Plaintiff permanently of possession of such property.

67.     Bank First has acted maliciously or in intentional disregard of Plaintiff's rights, including but not limited to its rights under the Wisconsin Uniform Commercial Code, particularly Wis. Stat. §§ 403.302 and 403.411.

68.     As a result of Bank First's actions, Plaintiff has sustained damages in an amount no less than $273,000.00 to be determined at trial.

69.     Plaintiff is entitled to recover from Bank First all damages it has and will sustain, all costs of investigation and litigation (including actual reasonable attorneys' fees) pursuant to Wis. Stat. § 895.446, an additional award of exemplary damages of three

times the actual damages pursuant to Wis. Stat. § 895.446, an additional award of double the compensatory damages as punitive damages pursuant to Wis. Stat. § 895.043, plus costs, fees, and pre-judgment and post-judgment interest.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)     compensatory damages of Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)     an additional award of exemplary damages of $819,000.00, which is treble the actual compensatory damage as authorized by Wis. Stat. § 895.446;

(c)     an additional award of punitive damages of $546,000.00, which is double the compensatory damages as authorized by Wis. Stat. § 895.043;

(c)     all other available damages;

(c)     pre- and post-judgment interest;

(d)     costs of investigation, suit, and litigation, including actual attorneys' fees; and

(e)     such other and further relief as the Court deems equitable and just.

## FOURTH COUNT FOR RELIEF

### (Unjust Enrichment)

70.     Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

71.     By virtue of the actions described herein, Defendant has received a benefit from Plaintiff, the retention of which is unjust and inequitable, and Plaintiff has been damaged as a result thereof.

72.     Upon information and belief, Defendant Bank First has retained and kept for its own use and purposes the $273,000.00 received from Defendant's customer, David Olson, in connection with the Official Bank Checks, and has refused to apply such funds to the legitimate obligations of Defendant Bank First as issuer of the instruments.

73.     Plaintiff conferred a benefit upon Bank First by paying the face value of the Official Bank Checks minus a check cashing fee in exchange for the Official Bank Checks:

      a.  that Bank First issued upon receipt of the amount of the Official Bank Checks;

      b.  that Bank First confirmed were payable and not subject to a stop-payment order or any other restriction; and

      c.  that Bank First then wrongfully refused to honor after Plaintiff had already taken in good faith for value.

74.     Upon information and belief, Bank First received and retained $273,000.00 from Olson that it represented it would pay to Plaintiff for the Official Bank Checks but then refused to pay on the Official Bank Checks.

75.     Bank First took money for Official Bank Checks that it now refuses to honor and pay on.

76.     Plaintiff is a holder in due course of the Official Bank Checks and is entitled to payment of their face value amount of $273,000.00 upon demand and presentment.

77.     Bank First refused to honor the Official Bank Checks and retained the $273,000.00 it owes Plaintiff on the Official Bank Checks rather than paying it over to Plaintiff.

78.     Bank First has been benefited and enriched by no less than $273,000.00.

79.     Bank First has knowledge or appreciation of the benefit of Plaintiff cashing and paying $273,000.00 for the Official Bank Checks and of Bank First retaining the $273,000.00 it owes Plaintiff on the Official Bank Checks rather than paying it over.

80.     It would be inequitable for Bank First to retain the benefit of the funds it received for and represented it would pay on the Official Bank Checks without actually paying Plaintiff the amounts of the Official Bank Checks.

81.     As a result of the foregoing, Defendant has been unjustly enriched and is liable to Plaintiff for the full amount due on the Official Bank Checks in the sum of $273,000.00.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)     Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)     all available damages;

(c)     pre- and post-judgment interest;

(d)     costs of suit; and

(e)     such other and further relief as the Court deems equitable and just.

## FIFTH COUNT FOR RELIEF

### (Quantum Meruit)

82.     Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

83.     By virtue of the actions described herein, Bank First has received a benefit as a result of Plaintiff's conduct, the reasonable value of which to Bank First the Plaintiff is entitled to recover.

84.     Bank First issued the Official Bank Checks for value received, thereby announcing and promising it would pay the presenter the face value of the Official Bank Checks.

85.     By issuing the Official Bank Checks and then confirming that they were payable and not subject to any stop-payment order or other restriction, Bank First expressed or implied a promise to pay for the Official Bank Checks upon demand and presentment.

86.     Plaintiff took the Official Bank Checks for value in good faith upon Bank First's representations.

87.     Plaintiff reasonably expected to be paid the face value amount of the Official Bank Checks upon demand and presentment.

88.     Bank First owes Plaintiff $273,000.00 on the Official Bank Checks, which amount Bank First now refuses to pay.

89.     Bank First has been benefited by the $273,000.00 it owes Plaintiff but retains rather than paying over on the Official Bank Checks.

90.	Plaintiff is entitled to recover from Bank First the reasonable value of the Official Bank Checks that it received and retained.

91.	Plaintiff is entitled to its damages under the theory of quantum meruit in an amount to be determined at trial, but no less than $273,000.00.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)	Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)	all available damages;

(c)	pre- and post-judgment interest;

(d)	costs of suit; and

(e)	such other and further relief as the Court deems equitable and just.


## SIXTH COUNT FOR RELIEF

### (Negligence)

92.	Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

93.	As the issuer of the Official Bank Checks, Bank First owed a duty of reasonable care to Plaintiff in relation to the Official Bank Checks.

94.	Bank First breach the duty of care it owed Plaintiff by, *inter alia*:

a.	confirming the Official Bank Checks were payable and not subject to any stop-payment order or other restriction, then refusing to pay on the Official Bank Checks after Plaintiff had relied upon Bank First's issuance

of the Official Bank Checks and its subsequent confirmation that it would honor them;

b. confirming the Official Bank Checks were payable and not subject to any stop-payment order or other restriction when Bank First knew or should have known of a stop-payment order requested by Olson (if Olson requested a stop-payment order);

c. not notifying Plaintiff of a stop-payment order requested by Olson (if Olson requested a stop-payment order);

d. attempting to assert potential fraud allegations held by Olson as its own fraud defense to its statutory obligation to pay on the Official Bank Checks despite no fraud whatsoever being perpetrated upon Bank First itself (Olson requested the Official Bank Checks, Olson paid for the Official Bank Checks, and Bank First received value for the issuance of the Official Bank Checks); and

e. refusing to pay on the Official Bank Checks despite its statutory obligation to make payment.

95. As a proximate result of Bank First's breach of its duty of care to Plaintiff, Plaintiff suffered damages that include the $273,000.00 face value of the Official Bank Checks it took for value in good faith in reliance upon Bank First's conduct, the costs of investigation, the costs and attorneys' fees of enforcement and collection.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)   Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)   all available damages;

(c)   pre- and post-judgment interest;

(d)   costs of suit; and

(e)   such other and further relief as the Court deems equitable and just.

**SEVENTH COUNT FOR RELIEF**

**(NEGLIGENT MISREPRESENTATION)**

96.   Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

97.   By issuing the Official Bank Checks on or about August 8, 2025, Bank First represented to Plaintiff and all other potential holders that Bank First would honor and pay on the Official Bank Checks upon demand and presentment.

98.   By telephone conference with Plaintiff on or about August 14, 2025, Bank First represented via its agent and employee "Michelle" that Bank First would honor and pay on the Official Bank Checks because Bank First stated they were not subject to any stop-payment order or any other restriction.

99.   The representations by Bank First referenced in the preceding paragraph and detailed above were not true.

100.   Bank First was negligent in making the representations.

101.    Bank First owed Plaintiff a duty to not make untrue representations in connection with the Official Bank Checks, particularly prior to Plaintiff taking the Official Bank Check for value in good faith.

102.    Plaintiff believed the representations by Bank First and relied upon them in taking the Official Bank Check for value in good faith.

103.    Plaintiff has suffered injuries and damages as a result of the negligent misrepresentations made by Bank First.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)    Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)    all available damages;

(c)    pre- and post-judgment interest;

(d)    costs of suit; and

(e)    such other and further relief as the Court deems equitable and just.


**EIGHTH COUNT FOR RELIEF**

**(Strict Responsibility Misrepresentation)**

104.    Plaintiff realleges the allegations of all preceding paragraphs above and incorporates them by reference as if fully set forth herein.

105.    By issuing the Official Bank Checks on or about August 8, 2025, Bank First represented to Plaintiff and all other potential holders that Bank First would honor and pay on the Official Bank Checks upon demand and presentment.

106.     By telephone conference with Plaintiff on or about August 14, 2025, Bank First represented via its agent and employee "Michelle" that Bank First would honor and pay on the Official Bank Checks because Bank First stated they were not subject to any stop-payment order or any other restriction.

107.     The representations by Bank First referenced in the preceding paragraphs and detailed above were not true.

108.     Bank First either:

a.     made the representations based upon its personal knowledge; or

b.     was so situated that it necessarily ought to have known the truth or untruth of the statement;

109.     Bank First had an economic interest in the transaction of the issuance and payment of the Official Bank Checks; and

110.     Plaintiff believed that the representations by Bank First were true and justifiably relied on them by taking the Official Bank Checks in good faith for value by paying Bell $273,000.00 minus a check chasing fee in exchange for the Official Bank Checks.

111.     Plaintiff has suffered damages as a proximate result of Bank First's misrepresentations described herein, including but not limited to paying Bell $273,000.00 minus a check chasing fee in exchange for the Official Bank Checks in reliance on Bank First's representations.

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, NA for:

(a)     Two Hundred and Seventy-Three Thousand Dollars ($273,000.00);

(b)     all available damages;

(c)     pre- and post-judgment interest;

(d)     costs of suit; and

(e)     such other and further relief as the Court deems equitable and just.


## CUMULATIVE PRAYER FOR RELIEF

WHEREFORE, plaintiff 144 Enterprises LLC demands judgment against defendant Bank First, N.A. upon the claims pled herein and in accordance with the prayers for relief pled thereunder.


Dated at Milwaukee, Wisconsin, this second day of October 2025.


Respectfully submitted,

**MAWICKE & GOISMAN, S.C.**
*Attorneys for Plaintiff, 144 Enterprises LLC*


By: ___*s/ Donald A. Allen*_____
        Donald A. Allen
        State Bar No. 1017701
        J. Nels Bjorkquist
        State Bar No. 1037896
        1509 N. Prospect Avenue
        Milwaukee, WI 53202
        414-224-0600
        DAllen@MawickeLaw.com
        NB@MawickeLaw.com